IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID PAUL CAULDER,

    Plaintiff,

vs.                                     CASE NO.: 4:02cv396-SPM/AK

DOUGLAS S. LYONS, et al.,

    Defendants.

_____/

## ORDER

This cause comes on for consideration upon the magistrate judge's report and recommendation (doc. 50) dated April 14, 2005. The parties have been furnished a copy and Defendant Douglas S. Lyons has filed objections (doc. 51).

Pursuant to Tile 28, United States Code, Section 636(b)(1), I have made a de novo determination of those portions to which an objection has been made. I find that the report and recommendation is correct and should be adopted.

First, the Court finds without merit Lyons' argument that he filed suit on behalf of Caulder, but not as Caulder's attorney, and that therefore no legal malpractice could be committed. The record shows that Lyons was Caulder's attorney. Lyons could either continue with that representation or properly withdraw, on his own initiative or on Caulder's. But the half-way representation

Lyons contends he provided to Caulder by filing suit on Caulder's behalf, yet not as Caulder's attorney, has no authority under any rule, regulation or statute–at least not any that the Court has found or that Lyons has cited.  To the contrary, the Florida Rules of Judicial Administration require that all pleadings to be signed by an attorney or by the party if the party is not represented by an attorney.  Fla. R. Jud. Admin. 2.060.  The rule does not allow an attorney or any other person to sign a pleading on behalf of a party who is not represented by an attorney.  Accordingly, the Court finds Lyons' objection to be without merit.

Lyons also objects to the report and recommendation because it does not address whether dismissal should have been ordered due to an insufficient amount in controversy.  Lyons contends that Caulder alleged damages in his complaint only in the amount of $50,000.  A review of Caulder's complaint (doc. 20 at p. .27), however, shows that Caulder is seeking damages in the amount of $50,000 against each defendant, raising the total amount claimed well over the $75,000 diversity jurisdiction threshold.  Lyons makes no argument that the claims against each defendant cannot be aggregated to meet the amount in controversy.  See Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961) (discussing rules for aggregation in cases where a single plaintiff has claims against multiple defendants).  Nor does Lyons argue that the dismissal of all the other defendants renders it inappropriate for the Court to retain jurisdiction, diversity or supplemental, on Caulder's claim against Lyons.  See

Herremans v. Carrera Designs, Inc. 157 F.3d 1118, 1121(7th Cir. 1998) (if the complaint makes a good-faith claim for an amount over the diversity jurisdiction threshold, subsequent dismissal of counts thereby reducing the value of the case does not divest the court of diversity jurisdiction); Shanaghan v. Cahill, 58 F.3d 106 (4th Cir. 1995) (recognizing availability of supplemental jurisdiction when dismissal of some claims drops the amount in controversy below the threshold for diversity jurisdiction).

Instead, Lyons argued to the magistrate judge (see doc. 47 at ¶ 28) that punitive damages are not available in breach of contract cases.  Florida law does provide, however, for punitive damages in legal malpractice cases.  Ray-Mar Beauty College v. Ellis Rubin Law Offices, P.A., 475 So.2d 718, 719 (Fla. 3d Dist. Ct. App. 1985).  Furthermore, under federal law, which governs the amount in controversy analysis, the amount can be satisfied by a demand for punitive damages if it is possible for a jury to award the jurisdictional amount.  Ryan v. State farm Mut. Auto. Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991).

In this case, it is possible for a jury to award punitive damages within the constraints of state law.  Furthermore, Lyons has failed to show "beyond a legal certainty" that Caulder cannot recover the jurisdictional amount.  See Cadek v. Great Lakes Dragway, Inc., 58 F.3d 1209, 1211-12 (7th Cir. 1995) (if punitive damages are recoverable as a matter of state law, to defeat diversity jurisdiction the defendant must show "beyond a legal certainty that plaintiff would under no

circumstances be entitled to recover the jurisdictional amount."). Although Lyons argues, both in his objections and in his motion before the magistrate judge, that punitive damages, or indeed any damages, are not warranted in this case because Plaintiff's claims are frivolous and malicious, Lyons has not carried his burden on this issue to defeat jurisdiction. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The magistrate judge's report and recommendation (doc. 50) is adopted and incorporated by reference in this order.

2. Defendant Bielecky's motion (doc. 46) is granted.

3. The motion (doc. 47) of Defendants Douglas S. Lyons, Charles O. Farrar, Marsha Lyons, and Dawn Sutton is granted as to the claims against Charles O. Farrar, Marsh Lyons, and Dawn Sutton. The motion is denied as to the claims against Douglas S. Lyons, which shall proceed as the only remaining claims in this case.

4. This case is remanded to the magistrate judge for further proceedings.

DONE AND ORDERED this 16th day of May, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 4:02cv396-SPM/AK