**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DAVID P. CAULDER,**

    **Plaintiff,**

**vs.**                                                         **CASE NO. 4:02CV396-SPM/AK**

**DOUGLAS S. LYONS,**

    **Defendant.**

    _____/

## REPORT AND RECOMMENDATION

The third amended complaint in this cause was served on the several defendants alleging a number of constitutional and state law claims related to a civil suit Plaintiff purported to prosecute. (Doc. 20). The Defendants moved to dismiss and for summary judgment, and it was recommended by the undersigned that all the claims be dismissed, except those against Defendant Douglas Lyons. (Docs. 48 and 50). These recommendations were adopted (docs. 49 and 52), and this cause was remanded to the undersigned for further proceedings related to the remaining claims against Defendant Lyons. The parties were permitted discovery, and Defendant served Plaintiff with written discovery on June 27, 2005. (Doc. 55). Plaintiff did not respond to the

discovery requests and Defendant moved to compel (doc. 56), which this Court granted and directed Plaintiff to respond without objection to the outstanding discovery requests on or before January 20, 2006.  (Doc. 57).  Plaintiff has not complied with that Order.  Defendant Lyons has moved to dismiss this cause for failure to comply with the Court's Orders and for failure to prosecute.  (Doc. 58).  Plaintiff has not responded to the motion to dismiss or otherwise communicated with Defendant or the Court.

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734 (1962).  Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order.  Plaintiff has failed to comply with two orders of this Court directing that he participate in discovery (docs. 55 and 57) and has not otherwise prosecuted his lawsuit.  Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this *10th* day of March, 2006.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 4:02CV396-SPM/AK